UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

No. 5:19-cv-00345-FL

| | |
|---|---|
| STEVE SANDS,<br><br>Plaintiff,<br><br>v.<br><br>EPICSTREAM, LLC<br><br>Defendant. | DEFENDANT'S RESPONSE OBJECTING TO PLAINTIFF'S MOTION FOR A 30-DAY EXTENSION OF TIME TO RETAIN LOCAL COUNSEL AND TO FILE A NOTICE OF SPECIAL APPEARANCE PURSUANT TO L.R. 83.1(d)-(e) |

Defendant Epicstream, LLC ("Epicstream"), by its undersigned counsel, responds to Plaintiff's Motion for a 30-Day Extension of Time to Retain Local Counsel and to File a Notice of Special Appearance Pursuant to L.R. 83.1(d)-(e) ("Motion", DE 16) as follows:

### PROCEDURAL POSTURE

Plaintiff commenced this action on August 8, 2019, by filing its Complaint (DE 1). When he filed the Complaint, Plaintiff's counsel, Richard P. Leibowitz, failed to properly pay the filing fee, failed to properly prepare and file the proposed summons, and failed to associate with local counsel as required by L.R. 83.1. *See, generally,* the August 8, 2019, Notices of Deficiency in the Court's CM/ECF system. As to the requirement to associate with local counsel, the clerk issued the following notice:

> NOTICE OF DEFICIENCY regarding [1] Complaint - Out of State Counsel must comply with Local Civil Rule 83.1 of the Eastern District of North Carolina. (Rudd, D.)

This notice was repeated on August 27, 2019. *See* the August 27, 2019, Notice of Deficiency in the Court's CM/ECF system. On September 19, 2019, this Court issued an Order (D.E. 8)

directing Plaintiff to bring himself in compliance with L.R. 83.1 not later that 21 days or face dismissal. The Court followed up with an additional Order (DE 12) directing Mr. Leibowitz to cure every deficiency in this case by October 10, 2019.

Later that day, Mr. Leibowitz filed a document titled Notice of Cured Deficiencies (DE 15) that purported to notify this Court that all of the deficiencies identified in the Court's October 10, 2019 Order had been cured. This representation was made despite Plaintiff's Disclosure of Corporate Affiliations and Other Entities with a Direct Financial Interest in Litigation (DE 14) listing the incorrect plaintiff and Mr. Leibowitz's continued failure to meet his obligations under L.R. 83.1. That evening, at 6:16 p.m., Plaintiff filed his Motion, seeking an additional 30 days to comply with L.R. 83.1(d)-(e).

## **LEGAL ARGUMENT**

Due to Plaintiff's extensive delay in complying with L.R. 83.1(d)-(e) and Mr. Leibowitz's failure to provide the Court with good cause for such delay, Defendant objects to the Motion and requests that the Court immediately dismiss this case. In the United States District Court for the Eastern District of North Carolina, requests for an extension of time are governed by FED.R.CIV.P. 6 and L.R. 6.1, which require a showing of good cause. Courts generally have the discretion to deny a timely filed request for an extension where the movant has not demonstrated good cause. This Court, in its October 10, 2019 Order, further stated, "If no appearance is made by the stated deadline of October 10, 2019, *absent some showing of good cause*, this case will be dismissed. D.E. 12 (emphasis added). In the Motion, Plaintiff states, "Good cause exists because Mr. Liebowitz is an out-of-state attorney and needs reasonable time to retain local co-counsel." *See* DE 16. At least one federal court in North Carolina has denied a request for an extension of time where the moving party has failed to demonstrate good cause for such request. *See, Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, 230 F.R.D. 438, 448 (M.D.N.C. 2005). Although the need for local

counsel may be seen as good cause, that statement by itself is not sufficient in this case. Absent from the Motion is any explanation for Mr. Leibowitz's repeated delays in securing local counsel. Mr. Leibowitz should have associated with local counsel prior to filing the Complaint. He has received multiple notices that he needed to comply with this Court's local rules, including two Orders indicating that dismissal of the case would follow for his failure to comply. He has had two months to bring himself into compliance and, given the problems identified in prior cases in this Court's October 10, 2019 Order, his Motion continues a pattern of disregard of the local rules. In addition to the adverse impacts to the Court and clerks, Plaintiff's insistence in ignoring the the Local Rules has led to delay in this case and increased costs to Defendant.

Further, the fact that Mr. Leibowitz's technically filed his Motion before the expiration of the Court's deadline is not, by itself, sufficient to demonstrate good cause. In *Stone v. Jo-Ann Stores, Inc.*, 193 F.R.D. 514 (N.D. Ohio 2000), the court denied a timely filed motion for an extension of time where the attorney for the movant knew of the reasons that might necessitate an extension well before the court's deadline. *See id.* at 515. Mr. Leibowitz should have known about his need to comply with L.R. 83.1(d)-(e) well before the October 10, 2019 deadline. Furthermore, even the movant in *Stone* offered some explanation for the delay, unlike the Motion in the case before this Court. Without a compelling reason demonstrating good cause, the Motion does not comply with FED.R.CIV.P. 6 L.R. 6.1 and should be denied.

3

Case 5:19-cv-00345-FL    Document 17    Filed 10/16/19    Page 3 of 5

WHEREFORE, for the foregoing reasons, Epicstream respectfully requests that this Court deny Plaintiff's Motion, enter an order dismissing the Complaint, and award all other just and proper relief.

Respectfully submitted this the 16th day of October, 2019.

/s/ R. Matthew Van Sickle
R. Matthew Van Sickle
NC Bar No. 33516
Van Sickle Law, PLLC
1135 Kildaire Farm Road, Suite 200
Cary, NC 27511
Tel.: 919.469.5685
matt@mattvansicklelaw.com

/s/ Brandon J. Huffman
Brandon J. Huffman
NC Bar No. 46584
Odin Law and Media
5171 Glenwood Avenue, Suite 103
Raleigh, NC 27612
Tel.: 919.813.0090
Fax: 855.883.9443
brandon@odinlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 16th day of October, 2019, he electronically filed the foregoing "DEFENDANT'S RESPONSE OBJECTING TO PLAINTIFF'S MOTION FOR A 30-DAY EXTENSION OF TIME TO RETAIN LOCAL COUNSEL AND TO FILE A NOTICE OF SPECIAL APPEARANCE PURSUANT TO L.R. 83.1(d)-(e)" with the Clerk of the Court using the CM/ECF system which will electronically send notification of such filing to the parties.

    /s/ R. Matthew Van Sickle    .
R. Matthew Van Sickle
NC Bar No. 33516
Van Sickle Law, PLLC
1135 Kildaire Farm Road, Suite 200
Cary, North Carolina 27511
Tel.:   919.469.5685
Email:  matt@mattvansicklelaw.com

*Attorney for Epicstream, LLC*