IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALESSANDRO MASI<br><br>       Plaintiff<br><br>v.<br><br>MYTHICAL ENTERTAINMENT<br><br>       Defendant<br>-- | No. 5:19-cv-438-FL |
| STEVE SANDS<br><br>       Plaintiff<br><br>v.<br><br>EPICSTREAM, LLC<br><br>       Defendant<br>-- | No. 5:19-cv-345-FL |
| MATTHEW BRADLEY<br><br>       Plaintiff<br>v.<br><br>ANALYTICAL GRAMMAR, INC.<br><br>       Defendant | No. 5:19-cv-249-FL |

I, RICHARD P. LIEBOWITZ, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1.	I submit this declaration in response to the Order to Show Cause, dated October 29, 2019, entered by the Honorable Louise W. Flanagan (U.S.D.J.).

2.	I am an attorney licensed to practice in the State of New York and the founding member and principal of Liebowitz Law Firm, PLLC (the "Firm"), which is headquartered in Valley Stream, New York. The Firm specializes in enforcing the rights of copyright holders against media companies and other outfits which expropriate the intellectual property rights of authors and original creators.

3.	Since January 2016, the Firm has filed more than 1800 infringement lawsuits in federal courts of various jurisdictions in an effort to vindicate the public interest and enforce the constitutional and statutory rights of copyright holders. Copyright infringement cases brought by individual copyright holders do more than compensate victims. They secure intellectual property rights from widespread invasion by large corporations, maintain order in society, and promote the Progress of the Sciences and the useful Arts. *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (public interest can only be served by upholding copyright protections, thus preventing misappropriation of skills, creative energies, and resources invested in protected work); *see also Walt Disney Co. v. Best*, No. 88 Civ. 1595(SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990) (one of the primary purposes of the Copyright Act is to "deter future infringements."); *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP*, No. CV H-14-1903, 2018 WL 2048896, at *12 (S.D. Tex. May 2, 2018) ("The protection of copyrights is a vindication of the public interest, and the statutory penalty for copyright infringement is intended not just to compensate the copyright owner, but to deter Kayne and others like them from committing copyright infringement."); 3 N$_{\text{IMMER}}$ § 14.06[A], at 14–80.

4. Copyright infringement of photographs on-line has become a national epidemic. North Carolina is not immune, as there are many companies located in this District which violate the rights of copyright holders. In have served as counsel for copyright holders in the Eastern District of North Carolina in six actions, which is an infinitesimal fraction of the infringement cases filed by the Firm.

5. Local Civil Rule 83.1(e)(5) limits the number of cases that an out-of-case attorney may file to three unrelated cases within a twelve-month period. However, the Rule may be waived for "good cause shown." Local Civil Rule 83.1(e)(5).

6. Here, for good cause shown, the Court should not disqualify Richard Liebowitz from any of the remaining pending cases. First, the Court should consider that the cases filed in this District are simple actions, involving a single photograph of modest value. The frequency with which our Firm files cases is not to be measured against the frequency with which, for example, Anti-Trust cases are filed. The Court should therefore take into consideration the nature and type of actions being filed.

7. Second, there has been no showing of any lack of competency with respect to Mr. Liebowitz's ability to handle the six unrelated cases that have been filed in this District. Indeed, only the *Masi* case and the *Bradley* case remain pending. The others, including *Sands*, have settled expeditiously.

8. Third, Mr. Liebowitz has retained local counsel to assist and provide oversight with respect to the handling of each case.

9. Finally, to the extent that the Court finds that good cause has not been shown, then we request that the Court permit alternate councsel from the Liebowitz Law Firm to be substituted for Mr. Liebowitz, rather than issue an order of disqualification.

10. Accordingly, we respectfully request that the Court decline to disqualify Mr. Liebowitz from the Masi and Bradley cases for good cause shown.

Dated: November 13, 2019
Valley Stream, New York

Respectfully Submitted:

**/richardliebowitz/**
By: Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Masi and Bradley*