IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| ALESSANDRO MASI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:19-CV-438-FL |
| | ) | |
| MYTHICAL ENTERTAINMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| STEVE SANDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:19-CV-345-FL |
| | ) | |
| EPICSTREAM, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

The above-captioned matters are before the court upon response by attorney Richard P. Liebowitz ("attorney Liebowitz") to the court's order to show cause entered October 29, 2019. Also before the court is defendant's motion to disqualify counsel (DE 22) in the matter <u>Allessandro Masi v. Mythical Entertainment</u>, No. 5:19-CV-438-FL (E.D.N.C.) ("<u>Masi</u>").[1] Based upon the response to the show cause order and the record in these matters, defendant's motion in <u>Masi</u> is granted, and the court orders as follows with respect to disqualification of attorney Liebowitz.[2]

---

[1] Also pending in the <u>Masi</u> matter are defendant's motions to dismiss (DE 13, 19), which will be addressed by separate order.

[2] After entry of the court's show cause order, the parties in the matter <u>Steve Sands v. Epicstream, LLC</u>, No. 5:19-CV-345-FL ("<u>Sands</u>") entered a stipulation of dismissal, and that matter is now closed. As set forth herein, the disqualification ordered herein applies only to <u>Masi</u>.

## COURT'S DISCUSSION

As noted in the court's October 29, 2019, show cause order, attorney Liebowitz has entered notices of special appearance in these above-captioned cases, Sands and Masi.

Mr. Liebowitz is not a member of the bar of this court, but is permitted to practice in this district pursuant to Local Civil Rule 83.1(e). That rule allows an attorney who is not a member of the bar of this court to practice in this district for a particular case, by associating local counsel and filing a notice of special appearance. See Local Civil Rule 83.1(e)(1). The number of cases in which an out-of-district attorney may make a special appearance is not, however, unlimited. Rule 83.1(e) specifically provides:

> A special appearance is not a substitute for admission to the bar of this court, but rather is intended to facilitate occasional appearances only. Unless otherwise ordered for good cause shown, no attorney may be admitted pursuant to Local Civil Rule 83.1 in more than three unrelated cases in any twelve-month period, nor may any attorney be admitted pursuant to Local Civil Rule 83.1 in more than three unelated cases at any one time.

Local Civil Rule 83.1(e)(5).

Prior to commencement of Sands and Masi, attorney Liebowitz made special appearances previously in three other unrelated cases in this district in the 2019 calendar year: 1) Beasley v. Caron Commc'ns Group, Inc., 5:19-CV-54-BO ("Beasley"; 2) Martez v. Gryppers, Inc., 5:19-CV-140-BO ("Martez"); and 3) Bradley v. Analytical Grammar, Inc., 5:19-CV-249-FL ("Bradley").[3] Attorney Liebowitz's attempt to appear in the instant Sands matter and the Masi matter contravenes Local Civil Rule 83.1(e).

---

[3] After commencement of the above-captioned cases, attorney Liebowitz made a special appearance also in unrelated case, Adlife Mktg. & Commc'ns Co., Inc. v. Carlie C's Operation Ctr. Inc., 5:19-CV-405-BO, ("Adlife"), which terminated by notice of voluntary dismissal on October 26, 2019.

Attorney Liebowitz has not demonstrated good cause for contravention of Local Civil Rule 83.1(e). In his response to the court's show cause order, attorney Liebowitz argues first that an exception should apply in this instance because the cases filed in this district are "simple actions." (Resp. (DE 16) at 3). The rule, however, does not suggest an exception based upon the type of cases at issue. In any event, the nature of the cases does not provide good cause for an exception in this instance.

Second, attorney Liebowitz argues that there has been no showing of any lack of competency with respect to attorney Liebowitz's ability to handle the six unrelated cases that have been filed in this district. As set forth in the court's October 4, 2019, order, however, there were multiple deficiencies noted in Masi, Sands, Bradley, and Adlife. A deficiency currently remains outstanding in Bradley. Thus, attorney Liebowitz's performance in these matters does not provide a basis for waiving the rule.

Third, attorney Liebowitz states that only the Masi matter and the Bradley matter remain pending, while the others, including the Sands matter, have settled. This statement is only partly accurate. While it is accurate that Sands and Adlife have settled, Beasley and Martez remain open, along with Masi and Bradley. In any event, whether cases have settled does not impact application of Rule 83.1, which is based upon attorney Liebowitz's appearance in more than three unrelated cases during a twelve-month period.

Fourth, attorney Liebowitz argues that the rule should be waived for him because he has retained local counsel. Retention of local counsel, however, already is a requirement of Rule 83.1(e)(1). Thus, it is not a basis for waiving compliance with Rule 83.1(e)(5).

In sum, good cause has not been shown for failure to comply with Rule 83.1(e)(5). Accordingly, attorney Liebowitz is disqualified from appearing as Rule 83.1(e) counsel in more

than three cases in this district in the twelve month period commencing with the filing of Beasley. Thus, attorney Liebowitz must be disqualified from any excess cases filed after Bealey, Martez, and Bradley. Such excess cases constitute Masi, Sands, and Adlife. Where Sands and Adlife have settled, and are presently closed, no further action is necessary in those cases. However, where Masi is open and pending, attorney Liebowitz must be disqualified as counsel for plaintiff on the basis of this order.

Attorney Liebowitz, in the alternative, requests that the court permit alternate counsel from his law firm to be substituted for attorney Liebowitz, rather than issue an order of disqualification. Rule 83.1 does not preclude substitute counsel from the same law firm from entering an appearance on behalf of plaintiff, in compliance with the requirements of Rule 83.1. This does not, however, provide a basis for delaying disqualification of attorney Liebowitz in the instant Masi matter. Attorney Liebowitz may also take, of his own initiative, any other action he deems necessary to come into compliance with Rule 83.1 in any other current or future matter in this district.

## CONCLUSION

Based on the foregoing, attorney Liebowitz is DISQUALIFIED as counsel for plaintiff in the instant Masi matter. Accordingly, defendant's motion to disqualify counsel (DE 22) in the Masi matter is GRANTED. This order shall be entered also in the Sands matter, but no further action is necessary in that matter now closed. Plaintiff is DIRECTED to enter a notice of appearance of substitute counsel in the Masi matter, as suggested by attorney Liebowitz, in compliance with Rule 83.1, within **seven days** of the date of this order.

SO ORDERED, this 14th day of January, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

4

Case 5:19-cv-00345-FL   Document 27   Filed 01/14/20   Page 4 of 4